UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BETSY WISNER, individually and in her capacity as the Administrator of the Estate of Daniel J. Horn,**<br>    Plaintiff,<br><br>v.<br><br>**INTERNATIONAL AUTOMOTIVE COMPONENTS GROUP NORTH AMERICA, INC.,**<br>    Defendant. | Case No. 1:21-cv-537-CLM |

## MEMORANDUM OPINION

    Daniel Horn worked for several years at the Defendant's production plant in Anniston, Alabama. In May 2019, the company decided to eliminate Horn's position, and reassign his duties to an existing employee. Five days after the company decided to eliminate Horn's position, Horn asked the Human Resources office about FMLA leave. Horn was terminated the next day.

    Horn has since passed away. His representative, Betsy Wisner, alleges that Horn's termination violated the Americans with Disabilities Act, and the Family and Medical Leave Act. But two facts doom all of Wisner's claims: (1) Wisner has no evidence that anyone at the company knew about Horn's disability, and (2) the company decided to terminate Horn before he met with Human Resources to talk about FMLA leave.

    For the reasons explained below, the court **GRANTS** Defendant's motion for summary judgment on all counts (doc. 33).

## STATEMENT OF FACTS

Daniel Horn ("Horn") worked in the Production Department at International Automotive Components Group North America, Inc. ("International Auto")'s Anniston, Alabama plant. Horn started as a supervisor, and was later promoted to a superintendent position. In March 2019, he was transferred, at his own request, to a master scheduler position.

In early May 2019, Plant Manager Otis De Souza, Operations Manager Chris Wilson, and Human Resources Manager Cindy Cable met and reviewed management positions to identify potential cost-saving measures. The group determined that Horn's duties could be absorbed by the Shipping Manager, Jason Epperson, and decided to eliminate Horn's position. De Souza, Wilson, and Cable formally approved the reduction in force on May 14, 2019, and signed a "Change in Status" form to document their decision. On May 16, 2019, Cable sought and obtained approval from International Auto's Vice President of Human Resources to lay off Horn.

On May 21, 2019, Horn visited the Human Resources' office and asked H.R. Assistant Dawn Boling Wade who he should talk to about FMLA. Horn told Boling Wade he would have some tests run, but did not specify what kind of tests, and did not discuss any underlying health condition for which he would be undergoing testing. Horn did not request leave for any particular date or duration. Boling Wade told Horn that he would need to talk to another member of the Human Resources staff who was out of the office that day. Horn left the Human Resources office, and they did not have any further interactions on this topic. The parties agree that Horn never requested an accommodation for a disability at any time prior to May 21, 2019.[1]

---

[1] International Auto propounded Interrogatories, Requests for Admission, and Requests for Production of Documents upon Plaintiff. Plaintiff failed to timely respond to any of the requests for admission, did not provide any signed responses, and did not request an extension of time to answer. The requests are therefore deemed admitted by Federal Rule of Civil Procedure 36(a)(3). S*ee United States Dep't of Lab. v. Lovett*, No. 20-13276, 2021 WL 5321376, at *2 (11th Cir. Nov. 16, 2021) (explaining that a matter admitted under Rule 36 is "*conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended.") (quoting Fed. R. Civ. P. 36(b)).

Wisner—who was not present at the May 21st meeting—asserts that, during the meeting, Horn asked Boling Wade what options were available under International Auto's leave policies, the ADA, and/or FMLA. And Wisner asserts that Horn explained to Boling Wade that he was seeking leave options due to ongoing complications from his diabetes. Wisner also says that the Operations Manager, Chris Wilson, overheard portions of this conversation. But Wisner does not cite or proffer any evidence that supports her allegations. And nothing in the record supports her version of events. So while the court recognizes that Wisner presents a different version of events, the court cannot consider it.[2]

Wisner asserts that Horn suffered from diabetes. But nothing in the record suggests that Horn told anyone at International Auto that he had diabetes. The only medical records in Horn's personnel file are: (1) a 2018 doctor's note from an ophthalmologist (doc. 34-2, p. 109), and (2) two work excuse notes for oral surgeries from 2016 and 2017 (*id.* at p. 110).

One day after the meeting between Horn and Boling Wade, International Auto informed Horn that his position had been eliminated. Horn was offered, but declined to sign, a severance agreement. Horn's duties were reassigned to Epperson, and Horn was not replaced.

A few months after his termination, Horn filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Doc. 27, p. 2). Horn passed away soon after. (*Id.*). After Horn's death, the EEOC mailed Horn a notice of his right to sue. (*Id.*). Wisner, as the Administrator of Horn's Estate, then filed this lawsuit. (Doc. 27, p. 3).

Wisner's Amended Complaint states two counts—but five distinct legal claims—against International Auto. The claims are (1) discrimination in violation of the ADA; (2) retaliation in violation of the ADA; (3) failure to accommodate in violation of the ADA; (4) interference with FMLA rights; and (5) retaliation for exercising FMLA rights. (Doc. 27). International Auto has moved for summary judgment on all claims. (Doc. 33; *see also* Doc. 35, p. 3).

---

[2] *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (explaining that courts "may not consider" an unsworn statement when determining the propriety of summary judgment).

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must view all evidence and make all reasonable inferences in favor of the non-moving party. *Allen v. Board of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (internal quotation marks omitted).

## DISCUSSION

The discussion is divided into two parts. Part I addresses International Auto's motion for summary judgment on Count One. Part II addresses International Auto's motion for summary judgment on Count Two.

### I. International Auto is entitled to summary judgment on Count One.

Count One of the Amended Complaint contains three distinct claims. Wisner alleges: (1) discrimination in violation of the ADA; (2) retaliation in violation of the ADA; and (3) failure to accommodate in violation of the ADA. (Doc. 27, p. 6). The court will consider each claim in turn.

#### A. No reasonable juror could find that International Auto discriminated against Horn in violation of the ADA.

Wisner alleges that International Auto discriminated against Mr. Horn in violation of the ADA. International Auto asks this court to grant summary judgment in its favor on this claim because Wisner cannot establish a prima facie case of disability discrimination.

To establish a claim of disability discrimination under the ADA, a plaintiff must show that (1) he had a disability; (2) he was a qualified individual; and (3) he was subjected to unlawful discrimination because of his

4

disability. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255-56 (11th Cir. 2007).

Wisner alleges that Horn suffered from diabetes. International Auto says that Wisner has no evidence of this, and that even if it's true, the company had no knowledge of Horn's disability while he worked at International Auto. The court agrees with International Auto on both points.

1. <u>Disability</u>: During the discovery process, International Auto made several requests for documents evidencing Horn's alleged disability. And Wisner admits she never produced responsive documents. As she said in her brief in opposition: "The Administrator of Mr. Horn's estate has had difficulty accessing Mr. Horn's medical records" and many of "Mr. Horn's belongings were burned after his death." (Doc. 37, pp. 2-3). Wisner argues that "Mr. Horn's own statements to the EEOC as well as personal knowledge from his family and estate Administrator are evidence that Mr. Horn had diabetes."

The court has reviewed Horn's "Charge of Discrimination," submitted to the EEOC in late 2019. In that document, Horn states under penalty of perjury that he has diabetes. (*See* Doc. 1-1, p. 2). It's unclear from this document when Horn was diagnosed. And Wisner proffers nothing that answers that question.

At this stage, the court generally must accept Wisner's version of events as true. But "[m]ere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." *Bald Mountain Park, Ltd v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). Wisner offers nothing—no affidavits, no depositions, no sworn declarations, and no medical records—to support the claim that Horn suffered from diabetes *while employed* at International Auto.

On the other hand, International Auto offers Horn's personnel file, including his medical records. Those records include: (1) a doctor's note from an ophthalmologist (doc. 34-2, p. 109), and (2) two work excuse notes for oral surgeries (*id.* at p. 110). No other evidence has been submitted to the court.

Because Wisner offers no evidence that would allow a reasonable juror to find that he was disabled, Wisner cannot establish the first element of a prima case face of disability discrimination.

2. <u>Causation</u>: Even if Horn could prove that he had diabetes while employed at International Auto, Wisner's claim fails because she cannot prove that International Auto terminated Horn because of his diabetes.

To prove that International Auto terminated Horn because of his disability, Wisner must prove that International Auto *knew* about Mr. Horn's disability when it terminated Horn. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1185 (11th Cir. 2005) ("an employee cannot be fired 'because of' a disability unless the decisionmaker has *actual* knowledge of the disability"); *Macleroy v. City of Childersburg*, No. 1:18-cv-395-CLM, 2020 WL 1812298, at *7 (N.D. Ala. Apr. 9, 2020) (explaining that a plaintiff "must establish that the decisionmaker actually knew of his . . . disability"). But nothing in the record suggests that International Auto knew about Mr. Horn's disability.

Wisner says in her brief in opposition that "Mr. Horn informed Ms. Bowling and Mr. Wilson [the operations manager] of his disability the day before he was terminated." (Doc. 37, p. 3). And her Amended Complaint alleges that Wilson "overheard a portion of Mr. Horn's meeting with Ms. Bowling," during which Horn allegedly explained to Ms. Bowling that he was "seeking leave options in connection with ongoing complications from his disability, Diabetes." (Doc. 27, p. 4).

But Wisner cites no evidence to support these bare allegations. Indeed, the entirety of Wisner's briefing on Count One is two paragraphs long, and Wisner fails to cite or submit *any* evidence to the court.

International Auto, on the other hand, submitted the declaration of Boling Wade, who served as International Auto's Human Resources Assistant. (Doc. 34-5, p. 5). In it, Boling Wade declares:

> On May 21, 2019, Mr. Horn visited the Human Resources office and asked me who he should talk to about FMLA. Mr. Horn told me he was going to have some tests run, *but he did not indicate the nature of the tests or mention any underlying health condition or suspected health condition for which he would be undergoing testing*, nor did he request leave.

6

(Doc. 32-5, p. 6) (emphasis added). Wisner neither produces nor cites any evidence that contradicts this statement.

Further, the record shows that the decision to terminate Mr. Horn and transfer his duties to Jason Epperson was made on May 14, 2019 (*see* doc. 34-2, p. 25) and approved on May 16, 2019 (*see* doc. 34-2, p. 18)—*i.e.*, five days *before* the May 21st meeting where Wisner says that Horn told Boling Wade that he had diabetes. So even if a reasonable juror could find that Horn told Boling Wade about his disability on May 21, there is no evidence that would allow that reasonable juror to find that International Auto based its (already-made) decision to terminate on that information.

In short, Wisner bases her claim on unsupported allegations. But "[m]ere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." *Bald Mountain Park, Ltd v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (explaining that courts "may not consider" an unsworn statement when determining the propriety of summary judgment).[3] Because the only evidence in the record contradicts Wisner's assertions, the court considers it undisputed that International Auto did not know that Horn had diabetes when it decided to terminate Horn's position. *See* Fed. R. Civ. P. 56(c), (e).

---

Because no evidence supports a jury finding of disability or causation, the court **GRANTS** summary judgment for International Auto on this claim.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

### B. No reasonable juror could find that International Auto retaliated against Horn in violation of the ADA.

In the Amended Complaint, Wisner alleges International Auto retaliated against Horn in violation of the ADA. But in her brief in opposition, Wisner makes no argument related to the retaliation claim.

A party waives any argument that is not discussed in the brief in opposition. *T.R. by and through Brock v. Lamar Cnty. Bd. of Educ.*, 25 F.4th 877, 884-85 (11th Cir. 2022) (because appellant "did not raise this argument before the district court in her brief in opposition to the Defendant's motion for summary judgment . . . she waived this argument below"). So the court finds that Wisner has waived her retaliation argument.

And even if Wisner did not waive her argument, the claim fails for other reasons. To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) he engaged in a statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the adverse action and his protected expression. *Parker v. Econ. Opportunity for Savannah-Chatham Cnty. Area Inc.*, 587 Fed. Appx. 631, 633 (11th Cir. 2014) (citing *Stewart v. Happy Herman's Cheshire Bridge*, 117 F.3d 1278, 1287 (11th Cir. 1997)). But a juror could not find a causal link between the adverse action taken by International Auto, and Horn's protected expression, because there is no evidence that Horn told International Auto that he was disabled. So the court **GRANTS** summary judgment on this claim.

### C. No reasonable juror could find that International Auto failed to accommodate Mr. Horn in violation of the ADA.

Wisner alleges that International Auto failed to accommodate Horn's request for an accommodation, in violation of the ADA.

As explained above, to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that at the time of the adverse action, he (1) had a disability, (2) was a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018) (citing *Holly v. Clairson Indus. LLC*, 492 F.3d 1247, 1255-56 (11th Cir. 2007)). And one way a plaintiff

may establish the third prong is by showing that his employer failed to provide him with a reasonable accommodation for his disability. *Id.* The ADA requires an employer to make "reasonable accommodations" to an otherwise qualified employee with a disability, unless doing so would impose an undue hardship. *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016). The employee has the burden of identifying an accommodation, and showing that it is reasonable. *Id.* And importantly, "[t]he duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999).

Wisner never explains *when* Horn requested an accommodation, or *what* accommodations Horn requested. And Wisner does not brief the issue in her brief in opposition. So the court finds that Wisner waived her argument on this claim. *See T.R. by and through Brock v. Lamar Cnty. Bd. of Educ.*, 25 F.4th 877, 884-85 (11th Cir. 2022) (because appellant "did not raise this argument before the district court in her brief in opposition to the Defendant's motion for summary judgment . . . she waived this argument below").

Even if Wisner did not waive her argument, the claim fails for other reasons. A request for FMLA leave might constitute an accommodation request in some cases. *See Adigun v. Express Scripts, Inc.*, 742 F. App'x 474, 476-77 (11th Cir. 2018). But the Eleventh Circuit has held that a request for FMLA leave does not constitute a request for an accommodation if it fails to indicate that the disability would conflict with the essential functions of the employee's job upon return to work. *Id.* Nothing in the record shows that Horn mentioned his disability to anyone at International Auto. So it is impossible to conclude that his request for FMLA leave indicated that his disability would conflict with the essential functions of his job.

Nothing in the record permits a juror to conclude that International Auto failed to accommodate Horn in violation of the ADA. Accordingly, the court **GRANTS** summary judgment for International Auto on this claim.

## II. International Auto is entitled to summary judgment on Count Two.

Count Two of the Amended Complaint alleges two distinct claims: (1) FMLA interference, and (2) FMLA retaliation. (Doc. 27, p. 7). The court considers each claim in turn.

### A. No reasonable juror could find that International Auto interfered with Mr. Horn's FMLA rights.

Wisner alleges that International Auto interfered with Horn's FMLA rights by refusing to grant him leave under the FMLA and terminating him following his request for leave on May 21, 2019.

An FMLA interference claims occurs when "an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). An interference claim has two elements: (1) the employee was entitled to a benefit under the FMLA; and (2) his employer denied him that benefit. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). "The first element identified in *White* subsumes several sub-elements," including: "(1) that the defendant is a covered entity; (2) that the plaintiff is eligible for FMLA benefits; (3) that the plaintiff sought leave for a qualifying reason; and (4) that the plaintiff provided notice meeting certain criteria." *Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293, 1297, n.1 (S.D. Ala. 2019).

The parties agree that on May 21, 2019, Horn visited the Human Resources' office and asked Boling Wade about FMLA. The parties also agree that Horn had never requested an accommodation for a disability at any time prior to May 21, 2019.[4]

---

[4] International Auto propounded Interrogatories, Requests for Admission, and Requests for Production of Documents upon Plaintiff. Plaintiff failed to timely respond to any of the requests for admission, did not provide any signed responses, and did not request an extension of time to answer. The requests are therefore deemed admitted by Federal Rule of Civil Procedure 36(a)(3). S*ee United States Dep't of Lab. v. Lovett*, No. 20-13276, 2021 WL 5321376, at *2 (11th Cir. Nov. 16, 2021) (explaining that a matter admitted under Rule 36 is "*conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended.") (quoting Fed. R. Civ. P. 36(b)).

During their meeting, Horn told Boling Wade he would have some tests run, but did not specify what kind of tests, or discuss any underlying health condition for which he would be undergoing testing. Boling Wade told Horn that he would need to talk to another member of the Human Resources staff who was out of the office that day. Horn left the Human Resources office, and they did not have any further interactions on this topic.

Wisner says that the meeting went differently. She claims that Horn asked Boling Wade about what options were available under International Auto's leave policies, the ADA, and/or FMLA. Wisner also asserts that Horn explained to Boling Wade that he was seeking leave options due to ongoing complications from his disability, diabetes. But nothing in the record supports this version of events. So while the court recognizes that Wisner tells a different story, the court cannot consider it.[5] Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Wisner fails to do that here.

On this record, nothing allows a reasonable juror to conclude that Horn requested FMLA leave—and therefore, nothing allows a reasonable juror to conclude that International Auto improperly denied such a request. Accordingly, the court **GRANTS** summary judgment for International Auto on this claim.

---

[5] *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (explaining that courts "may not consider" an unsworn statement when determining the propriety of summary judgment).

11

## B. No reasonable juror could find that International Auto retaliated against Horn after he exercised his FMLA rights.

The Amended Complaint alleges that International Auto intentionally and willfully retaliated against Horn when it terminated him after he exercised his rights under the FMLA.

To state a claim of retaliation under the FMLA, an employee must allege that he (1) engaged in a statutorily protected activity; (2) suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004).

The parties agree that Horn at least mentioned FMLA leave during his May 21, 2019 meeting with Boling Wade. And the parties agree that Horn was notified of his termination one day later, on May 22, 2019.

The court will assume without deciding that Horn engaged in a protected activity when he discussed FMLA leave. But the problem for Wisner is timing. The undisputed record shows that the decision to terminate Horn was made on May 14, 2019, and finalized on May 16, 2019. Wisner presents no evidence that Horn tried to exercise his FMLA rights before his meeting with Bolling Wade on May 21, 2019, so it is undisputed that International Auto decided to terminate Horn's position several days before Horn engaged in protected activity. It's true that Horn was not notified of his termination until after he talked to Bolling Wade about FMLA. But the record shows that the decision to terminate was final before this meeting, and Wisner makes no argument to the contrary.

On this record, no reasonable juror could find that the decision to terminate Horn was causally related to his protected activity. So the court **GRANTS** summary judgment for International Auto on this claim.

## CONCLUSION

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Wisner fails to do that here. And her failure to proffer *any* evidence is fatal to her claims.

For the reasons explained above, the court **GRANTS** International Auto's motion for summary judgment on all counts (doc. 33). The court will enter a separate order that carries out this ruling, and **DISMISSES WITH PREJUDICE** all claims against International Auto.

**DONE** on January 10, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE